## MAYO v. MARSHALL—BRADFORD, Intervenor.

WHERE an entire tract of land has been sold on a judgment recovered against the same, or the owner thereof for taxes, the owner of an undivided interest in the land cannot redeem his undivided portion from the sale, by a payment of his proportion of the judgment and costs.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

In 1858, John Skinker was the owner of the entire lot of land, and the same was assessed to him. On the twenty-third day of May, 1859, Skinker deeded an undivided half of the lot to Bradford, the intervenor. On the twelfth day of December, 1860, the People recovered judgment against Skinker for the taxes of 1858. On the thirteenth day of September, 1861, and after the sale on the judgment for the taxes, Bradford, the intervenor, paid the Sheriff one-half the amount for which the lot sold, for the redemption of his undivided one-half. The other facts are stated in the opinion of the Court.

*P. L. Edwards,* for Appellant.

*L. Saunders, Jr.,* for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This was an application for a *mandamus* to compel the defendant, as Sheriff of Sacramento County, to execute to the plaintiff a deed, under and in pursuance of a sale on an execution issued on a judgment rendered for taxes. The defendant filed an answer denying some of the allegations of the complaint, and setting up the claims of one Bradford, who, as owner of the undivided half of the property, had redeemed said one-half from the sale. The plaintiff moved to strike out this answer; but no disposition appears to have been made of this motion. Bradford filed an intervention opposing the claim of plaintiff to a deed for the undivided half owned by him, on the ground that he had redeemed the same from the sale. The plaintiff demurred to the intervention, which was sustained; and the Court rendered a judgment against the defendant and the intervenor, that the defendant execute a deed as prayed for; from which, this appeal is taken.

The answer of the defendant did not deny any of the material facts stated in the complaint; and the defense set up in the answer of the defendant and in the intervention, raises the single question

whether a payment of one-half of the amount due to a purchaser at execution sale, by the owner of the undivided half of the property, operates as a redemption of that undivided interest. This question has already been determined by this Court, in the case of *The People ex rel. v. McEwen (ante*, 54), in which it was held, that such a payment was not a redemption.

The judgment is therefore affirmed.